GEORGE J. MOELLER *et als. vs.* MACHINE PRINTERS BENEFI-
      CIAL ASSOCIATION OF THE UNITED STATES.

PROVIDENCE—FEBRUARY 1, 1905.

PRESENT: Tillinghast, C. J., Douglas and Dubois, JJ.

(1)   *Beneficial Associations.   Assessments.   Mandamus.*

Article 7 of the by-laws of respondent provided as follows:—

Sec. 1.   "Any member losing his situation through orders from the associa-
tion shall receive $10 per week for one year (after that to be specially acted
upon), to be paid him weekly until he receives another situation."

Sec. 2.   "Any member being disabled by accident shall be entitled to re-
ceive $10 per week for six months."

Sec. 3.   "There shall be no money paid out of the funds of the association
except for the above purposes and the necessary expenses of the associa-
tion."

Sec. 4.   "Whenever in the opinion of its officers the welfare of the associa-
tion demands that an assessment be made, they shall submit the matter
to an association meeting; said meeting shall then put the proposition
before all the districts; if said proposition is voted in the affirmative by
a majority of the districts, an assessment shall be levied."

Respondent levied an assessment upon its members to aid certain members
who were out of work, to the extent of $14 a week, and petitioners refusing
to pay the same were suspended.

Upon petition for *mandamus* to compel respondent to reinstate petitioners:—

*Held,* that the largest amount that could be legally assessed by respondent
under section 1 was $10 per week.

*Held,* further, that the assessment was not within section 3, as "necessary
expenses of the association."

*Held,* further, that the assessment provided for by section 4 was one for a
legal purpose, and would not include one made in violation of the by-laws.

*Held,* further, that petitioners were entitled to the relief sought.

(2)   *Mandamus.   Exhausting Remedy.*

Article 3, section 1, of the by-laws provided:   "It shall be the duties of the
directors to examine all books, bonds, securities, and accounts; to exercise
a general supervision over all the association and its interests; they shall
decide upon questions of importance that may be referred to them by
the different districts, and their decision shall be final:"—

*Held,* that the section was not intended to constitute the directors a tribunal to settle the grievances of individual members, and there was no occasion for petitioners to submit their claims to them before applying to the court for relief.

MANDAMUS.    Heard on demurrer to petition, and demurrer overruled.

TILLINGHAST, C. J.    This is a petition for a writ of *mandamus* to compel the respondent to reinstate the petitioners to membership in the above-named association.

The petitioners were suspended from membership in said association on June 11, 1904, and they allege that said suspension was unwarranted and illegal, and therefore pray that a writ of *mandamus* may issue compelling the respondent to restore them to membership.

The ground upon which the petitioners were suspended was that they refused to pay an assessment, levied upon them by said association to aid certain members who were out of work, to the extent of $14.00 per week; and they allege that $10.00 per week constituted the largest payment that could properly be made under article 7 of the rules and regulations of said association, and that petitioners were willing to make payments up to that amount.

The petitioners aver that said suspension took place without the formalities and proceedings required by article 3 of the by-laws, and that no fair trial was given to them before suspending them, and that no charges were properly brought against them before said suspension, and no proper notice was given to them.

They further aver that they have at all times performed all the duties and obligations imposed upon them by the by-laws and charter of said association and have paid their regular dues in advance up to November, 1904, and that they are refused the benefits of said association and are without redress or remedy under the charter and by-laws thereof.

To this petition the respondent demurs on various grounds, amongst which are (1) that it does not appear that the assessment complained of was illegal;  (3) that it appears that the

suspension of the petitioners was legal under article 8, section 1 of the rules, regulations, and by-laws referred to in the petition and made part thereof, in that the petition shows the relators to be in arrears in said assessment for more than six months, and also that it appears that said assessment was legal in that said article 7, section 1, gives to each member coming thereunder a valid claim upon the association for $10.00 per week, and that nothing in said section 1 or section 3 limits the discretion of the association so that it can not vote a larger amount; (4) that said petition and said rules and regulations show (art. 3, § 1) that the board of directors is constituted the proper body for reference to and determination of disputed questions, and does not show that the petitioners resorted to said tribunal, or otherwise exhausted their remedies under the by-laws, for the determination of the legality of said alleged erroneous and illegal vote of $14.00 per week, wherefore the petition is prematurely in this court.

Sections 1, 2, and 3 of article 7 of the rules, regulations, and by-laws read as follows:

"Section 1. Any member losing his situation through orders from the association shall receive $10.00 per week for one year (after that to be specially acted upon), to be paid him weekly until he receives another situation or returns to the one he has left through orders from the association; and if he should refuse to take another situation after the same has been offered him, he shall relinquish all the aforesaid claims upon the association."

"Section 2. Any member being disabled by accident whilst following his employment as a machine printer, shall be entitled to receive ten dollars ($10) per week for six months, provided the said accident is not caused by intemperance."

"Section 3. There shall be no money paid out of the funds of the association except for the above purposes and the necessary expenses of the association."

(1) We think it is clear that the assessment complained of can not be sustained under either of the above-named provisions. The largest amount which could legally be assessed by the association under section 1 was $10.00 per week for each mem-

ber out of employment, and it is not claimed that the assessment in question was made under said section 2. And the only assessment which could be legally made under section 3 was one for the necessary expenses of the association; that is, the ordinary expenses incident to the maintenance thereof, such, for instance, as rent, fuel, lights, officers' salaries, printing, and other incidental expenses. But obviously such a special payment as that contemplated by the assessment in question does not fall within the category of "necessary expenses of the association."

Moreover, said sections 1 and 2 were evidently intended to include all payments which could be made to members who were out of employment. And hence any assessment for a greater sum than therein specified to be paid to each per week could not be legally made. Until those rules and regulations were changed, the members had a right to rely upon them as fixing the extent of their liability for the purposes therein specified. And hence to allow the association to increase said liability under the guise of "necessary expenses" would be to permit it to disregard its own rules and work a serious wrong upon a helpless minority of its members.

But counsel for respondent relies on article 9, section 4, of the rules and regulations of the association in support of his contention that the assessment in question was legal, which section reads as follows:

"Section 4. Whenever in the opinion of its officers, the welfare of the association demands that an assessment be made, they shall submit the matter to an association meeting; said meeting shall then put the proposition before all the districts; if said proposition is voted in the affirmative by a majority of the districts, an assessment shall be levied," etc.

He argues that there is nothing in the petition before us to show that the assessment was not made under this provision; and that, if so made, the action of the association would come under said section and the payments of $14.00 per week would not have any relation to article 7, sections 1 and 3, relied on by the petitioners.

We can not assent to such a construction. The assessment

provided for by said section 4 evidently means an assessment for a legal purpose; that is, one which is permissible and contemplated by the by-laws, and ought not to be construed to include an assessment made in violation thereof, as was the assessment in this case.   Otherwise, as argued by counsel for the petitioners, the formalities necessary for the changing of the rules and regulations (which are expressly provided for therein) would be a dead letter, and the rights of the individual members thereunder would be unprotected.

If the association desired to make an assessment like the one in question, it should have first changed its rules and regulations or by-laws, in the manner provided therein, so as to make the purpose legal, and then the assessment could have been voted in the manner provided by section 4.

In this connection it is pertinent to notice that section 2 of article 12 of the rules and regulations provides as follows: "Section 2.   There shall be no suspension of any article or section in the rules, regulations, or by-laws."   And it requires no citation of authorities to warrant us in holding that the mere fact that the observance of corporate rules and by-laws is sometimes inconvenient or embarrassing in connection with the administration of the affairs of the corporation furnishes no excuse for disregarding them.

This provision of the rules and regulations forms a guaranty of stability and also a protection to the rights of the individual members.

(2)    As to the fourth ground of demurrer, viz., that the petitioners fail to show that they have exhausted their remedies, under the rules and regulations, for the determination of the legality of said assessment, and hence that they are prematurely in this court, we reply that, under the section relating to such matters, we do not think the respondent's position is well taken.

Article 3, section 1, of the rules and regulations reads as follows:

"Section 1.   Duties of directors.   It shall be the duty of the directors to examine all books, bonds, securities, and accounts, and make a full report of the same to the association;

to exercise a general supervision over all the association and its interests; they shall also decide upon questions of importance that may be referred to them by the different districts, and their decision shall be final."

The language of this section plainly shows that it is not intended that the board of directors are to constitute a tribunal to settle the grievances of individual members, but only to pass upon matters referred to them by a given district. Said board, therefore, had no jurisdiction in the matter now before us and hence there was no occasion for the petitioners to submit their claims to it before applying to this court for relief.

As we are of opinion that the assessment complained of was illegal, and hence did not constitute any ground for the suspension of the petitioners from membership in said association, there is no occasion for us to consider the question raised regarding the regularity of the proceeding by which they were suspended, or whether they had a fair trial under article 3 of the by-laws.

The demurrer is overruled, and the writ of *mandamus* will issue as prayed.

*Page & Page & Cushing,* for petitioners.

*John W. Hogan and Philip S. Knauer,* for respondent.